UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SAMUEL BRAVER; DEVORAH BRAVER; and Y.B., A.B., S.B., M.B., and B.B., by their mother and natural guardian Devorah Braver,

       Plaintiff,

-against-

CITY OF NEW YORK; POLICE OFFICER JUSTIN B. TORRES; and POLICE OFFICER DAVEONNE HAMILTON,

       Defendants.

------------------------------------------------------------------- X

Case no.
23-cv-8945

**FIRST AMENDED COMPLAINT**

**Jury Trial Demanded**

  Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint as follows:

## **THE PARTIES**

  1. At all times mentioned herein, Plaintiff SAMUEL BRAVER is a natural persona and is a citizen and resident of the State of New Jersey.

  2. At all times mentioned herein, Plaintiff DEVORAH BRAVER is a natural persona and is a citizen and resident of the State of New Jersey.

  3. At all times mentioned herein, Plaintiffs Y.B., A.B., S.B., M.B., and B.B. are minors.

  4. At all times mentioned herein, Plaintiff Devorah Braver is the mother and natural guardian of Plaintiffs Y.B., A.B., S.B., M.B., and B.B.

5. Upon information and belief, at all times mentioned herein, Defendant CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

6. Upon information and belief, at all times mentioned herein, Defendant City operates the New York City Police Department.

7. Upon information and belief, at all times mentioned herein, Defendant Justin B. Torres, Tax ID # 965572, is a police officer employed by the City of New York and the New York City Police Department.

8. Upon information and belief, at all times mentioned herein, Defendant Davonne Hamilton is a police officer employed by the City of New York and the New York City Police Department.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts causes of action arising under 42 USC §§ 1983, 1985.

10. Venue is properly placed in this court since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE UNDERLYING FACTS

11. On or about February 11, 2023 at approximately 11:42 PM ("INCIDENT TIME"), Plaintiffs were lawfully present on the westbound Staten Island Expressway – I-278, at the exit ramp to Western Avenue, a mother and father and their small children simply driving home to New Jersey, minding their own business.

12. At the INCIDENT TIME, Defendants engaged in a pursuit of another vehicle, the identity of which is unknown to Plaintiffs.

13. Defendants caught up with that other vehicle at a red light, but that other vehicle squeezed between two innocent cars stopped at the red light and got a way.

14. Defendants thereafter held Plaintiffs—a family with small children who had done nothing—at gunpoint, refusing to allow them to proceed and placing them in fear for their lives.

15. As a result of Defendants' conduct, Plaintiffs were caused to suffer personal injuries, including: deprivation of liberty; having guns pointed at them; being placed in fear for their lives; invasion of privacy; indignity; mental anguish and distress; pain and suffering; and Plaintiffs have been otherwise damaged; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF

16. Plaintiffs repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

17. Upon information and belief, at all times relevant to this complaint, the individual defendants and NYPD were acting under the color of state authority.

18. Upon information and belief, the individual defendants and NYPD, under the color of state law and acting on behalf of the state, subjected Plaintiff to civil assault, false imprisonment, use of excessive force, and conspiracy to commit all of the above.

19. Upon information and belief, at all times relevant to this complaint, the individual defendants subjected Plaintiffs to the aforementioned conduct, which constituted a deprivation of their rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

20. By reason of the foregoing, Plaintiffs are entitled to recover from the individual defendants pursuant to 42 U.S.C. §§ 1983, 1985 for the full extent of his damages, in an amount

to be determined at trial, but not to exceed $5 million, plus costs and attorney's fees permitted by statute.

## AS AND FOR A SECOND CLAIM FOR RELIEF

21. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

22. Upon information and belief, it is anticipated that the defendant police officers will contend that their conduct of holding Plaintiffs at gunpoint was required by their training and patrol manual.

23. If this conduct was in fact the official policy of the New York City Police Department, then Defendant City is liable for the officers' conduct.

24. By reason of the foregoing, Plaintiffs are entitled to recover from the City pursuant to 42 U.S.C. §§ 1983, 1985 for the full extent of their damages, in an amount to be determined at trial, but not to exceed $5 million, plus costs and attorney's fees permitted by statute.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: Brooklyn, New York
May 9, 2025

        Yours,

        THE BERKMAN LAW OFFICE, LLC
        *Attorneys for Plaintiffs*

        by:   /s/ Robert J. Tolchin
             Robert J. Tolchin

        829 East 15th Street, Box 7
        Brooklyn, New York 11230
        718-855-3627

TO:

Elissa Jacobs, Esq.
NEW YORK CITY LAW DEPARTMENT
*Attorneys for Defendants*
100 Church Street, 3-133b
New York, NY 10010
212-356-3540